Niraj Dhoj JOSHI, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 05–75650.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2007.**

Filed Nov. 13, 2007.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tsz–Hai Huang, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Alan G. Burrow, Esq., Office of the U.S. Attorney, Boise, ID, for Respondent.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM ***

Niraj Joshi petitions for review of the Board of Immigration Appeals' denial of his application for asylum, application for withholding from removal, and application for protection under the Convention Against Torture (CAT). We deny the petition.

■ The Immigration Judge's adverse credibility finding was supported by substantial evidence. Numerous inconsistencies in Joshi's testimony went "to the heart" of his claim that the Maoists would persecute him to obtain his information about the National Congress Party. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004)

■ Even if Joshi's testimony is accepted as true, his description of the mistreatment he suffered does not rise to the level required for asylum. He admitted that he has had no problems with the Communists since 1997, and the one detention and physical abuse incident with the police in 1999 does not rise to the level of persecution. *See Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995). Since 1999, Joshi's only evidence of persecution is that the police have visited his parents' home to ask about a bombing, and members of the Maoist Party have called him and met with him in the hopes that he will become an informant for them. *See Xiaoguang Gu v. Gonzales,* 454 F.3d 1014, 1019 (9th Cir.2006).

As Joshi cannot satisfy the requirements to qualify for asylum, he also does not qualify for withholding from removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). His evidence that the Nepali government would persecute him is similarly weak, and he thus fails to qualify for protection under CAT. *Muradin v. Gonzales,* 494 F.3d 1208, 1210–11 (9th Cir. 2007)

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.